UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MELVYN A. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-0935 (RMC) |
| | ) | |
| v. | ) | |
| | ) | |
| MAYOR ADRIAN FENTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS**

Defendants Mayor Adrian Fenty and the D.C. Department of Corrections (hereinafter the "District Defendants"), by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 4 and Fed. R. Civ. P. 12(b)(6), respectfully request that this Honorable Court dismiss Plaintiff's case against them. As set forth more fully in the accompanying Memorandum of Points and Authorities, when considering the allegations contained in Plaintiff's Complaint in the light most favorable to Plaintiff, Plaintiff has failed to state a claim as a matter of law against any District Defendant. Thus, Plaintiff's Complaint must be dismissed against the District Defendants.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


  /s/  Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II

      /s/  Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on this 25th day of May, 2007, I caused the foregoing Motion to Dismiss to be electronically served on counsel of record via the Court's electronic filing system, and upon the *pro se* Plaintiff, Melvyn A. Johnson, 1901 D Street, SE, Washington, DC 20003, via first class mail, postage pre-paid.

      /s/  Shana L. Frost
Shana L. Frost
Assistant Attorney General

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MELVYN A. JOHNSON, | ) | |
| | ) | Civil Action No. 07-0935 (RMC) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MAYOR ADRIAN FENTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

Mayor Adrian Fenty and the D.C. Department of Corrections (hereinafter the "District Defendants"), by and through their undersigned counsel, respectfully request that Plaintiff's claims against them be dismissed.  As set forth herein, Plaintiff has failed to state a claim upon which relief can be granted against the District Defendants, and the District Defendants are therefore entitled to judgment as a matter of law.

**I.    BACKGROUND**

Plaintiff filed his Complaint on March 29, 2007, alleging as follows:

> Plaintiff contends that because of an error made on his DEA LAB analysis report caused him to lose his trial P.W.I.D. (see attached P.S.I. exhibit B). A decimal point was missing 29% from 2.9%  Plaintiff received 30 years because of this mistake.  Because of the defendants' conduct the plaintiff has suffered much for the past 18 years mentally and physically.  Case No. F-9926-89 C.D.

Compl. (sic).  Plaintiff attaches as Exhibit B what appears to be one page of a pretrial services report that states as follows:[1]

---
[1] There does not appear to be an "Exhibit A" to Plaintiff's Complaint.

> According to the DEA-7 Report: Exhibit one is nine small blue ziploc bags of .701 grams of white powder found to contain heroin and quinine with 29 percent purity. Exhibit two is one small colorless ziploc bag of .117 grams of chunky material found to contain cocaine base with 9[?][2] percent purity.

Compl. Ex. B.

Plaintiff does not dispute in his Complaint that he possessed the heroin. In fact, Plaintiff's Exhibit B contains the following statement attributed to Plaintiff: "I was buying drugs from the woman. The police saw me buying. She ran. I was buying for my own use." Compl. Ex. B. Thus, Plaintiff only appears to be disputing the quality or purity of the heroin he possessed as indicated in a report prepared by the United States Drug Enforcement Administration.

## II.   STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant therefore is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or

---

[2] Counsel cannot discern the second digit of this number from her copies of Exhibit B to Plaintiff's Complaint.

2

must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994). Where, as here, the Plaintiff has not pled a cognizable cause of action against the Defendants, judgment in favor of the District Defendants is appropriate. As demonstrated *infra*, Plaintiff has not, as a matter of law, stated a cognizable claim.

### III. ANALYSIS

#### A. Plaintiff Fails to State a Claim Against Any District Defendant

While Plaintiff states no specific cause of action in his Complaint, his claim appears grounded in an alleged discrepancy in a report prepared in the late 1980's by the U.S. Drug Enforcement Administration. Plaintiff appears to be disputing the purity of the heroin he admittedly possessed. Plaintiff does not explain how this purported discrepancy has any bearing whatsoever on his claimed harm.

It is undisputed that the District Defendants have no control over the United States Drug Enforcement Administration, which is an agency of the United States, who Plaintiff asserts made an error in the lab analysis report. Moreover, Plaintiff states no facts that would implicate the District in any intentional or perceived wrongdoing. Finally, Plaintiff has alleged no link between any alleged wrongdoing in the Complaint and any perceived harm. Thus, as a matter of law, Plaintiff has failed to state a claim against the District Defendants.

#### B. The D.C. Department of Corrections Is Non Sui Juris

The D.C. Department of Corrections is not sui juris and therefore cannot sue or be sued. "A noncorporate department or other body within a municipal corporation is not *sui juris* . . . Cases in this jurisdiction have consistently found that bodies within the

3

District of Columbia government are not suable as separate entities." *Braxton v. National Capital Housing Auth.,* 396 A.2d 215, 216 (D.C. 1978); *see also Ray v. District of Columbia*, 535 A.2d 868, 869 n.2 (D.C. 1987); *Roberson v. District of Columbia Board of Higher Education*, 359 A.2d 28, 31 n.4 (D.C. 1976). Accordingly, the Department of Corrections must automatically be dismissed from this case.

### C. Mayor Fenty Is Not a Proper Party to Sue Nor Has He Been Served[3]

The Office of the Clerk attempted to serve Mayor Fenty with process pursuant to SCR-Civil 4(c)(4) by mailing a copy of the summons and Complaint to Tabatha Braxton, Office of the Secretary, and to Gale Rivers, Office of the Attorney General. *See* Ex. 1 (Notice to Tabatha Braxton); Ex. 2 (Notice to Gale Rivers). Service on the Mayor in this manner simply is not permitted and therefore any service attempted pursuant to this subsection is not valid. SCR-Civil 4(c)(4) provides:

> As to any defendant described in subdivisions (e), (f), or (h), service may be effected by mailing a copy of the summons, complaint and initial order by first class-mail, postage prepaid, to the person to be served, together with two copies of a Notice and Acknowledgement conforming substantially to Form 1-A and a return envelop, postage prepaid, addressed to the sender. Unless good cause is shown for not doing so, the Court shall order the payment by the party served of the costs incurred in securing an alternative method of service authorized by this Rule if the person served does not complete and return, within 20 days after mailing, the Notice and Acknowledgement of receipt of the summons.

SCR-Civil 4(c)(4). Subdivision (e) refers to service upon individuals. SCR-Civil 4(e). Subdivision (f) refers to service upon individuals in a foreign country. SCR-Civil 4(f). Subdivision (h) refers to service upon corporations and associations. SCR-Civil 4(h). However, none of these subdivisions apply to the District of Columbia, its agencies and

---

[3] The District, as explained above in Section A, is not a proper party to this action.

4

employees; subdivision (j) is the applicable subdivision. The relevant portions of subdivision (j) provide:

> (j) *Service upon the District of Columbia, an officer or agent thereof, or upon other government entities subject to suit.* (1) Service shall be made upon the District of Columbia by delivering (pursuant to paragraph (c)(2)) or mailing (pursuant to paragraph (c)(3)) a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel of the District of Columbia (or designee). The Mayor and the Corporation Counsel may each designate an employee for receipt of service of process by filing a written notice with the Clerk of the Court. . . . Service upon an officer or agency of the District of Columbia shall be made by delivering (pursuant to paragraph (c)(2)) or mailing (pursuant to paragraph (c)(3)) a copy of the summons, complaint and initial order to the Mayor (or designee), the Corporation Counsel (or designee), and such officer or agency.

SCR-Civil 4(j). Paragraph (c)(2) requires personal service, and paragraph (c)(3) requires service by registered or certified mail. Neither the Mayor nor his designees for service have been served by personal service or certified mail. Thus, Plaintiff has failed to comply with Rule 4, service upon Mayor Fenty is improper, and any attempt to serve the Mayor pursuant to SCR-Civil 4(c)(4) is not valid.

## IV.  CONCLUSION

Accordingly, the District Defendants request that the Court dismiss Plaintiff's claims against them.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

5

    /s/  Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II


    /s/  Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MELVYN A. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-0935 (RMC) |
| | ) | |
| v. | ) | |
| | ) | |
| MAYOR ADRIAN FENTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is the Motion to Dismiss filed by Mayor Adrian Fenty and the D.C. Department of Corrections ("District Defendants"). Upon consideration of the District Defendants' Motion, and any oppositions or replies thereto, it is this ____ day of _____, 2007:

**ORDERED** that the Motion to Dismiss filed by the District Defendants be and hereby is **granted**; and it is

**FURTHER ORDERED** that Plaintiff's Complaint against the District Defendants be and hereby is **dismissed with prejudice.**

_____
Hon. Rosemary M. Collyer
United States District Judge

**SCR CIV FORM 1-A**
**Notice and Acknowledgment for Service by Mail**
**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
Civil Division

Melvyn A. Johnson
_____
Plaintiff

v.

The Mayor Adrian M. Fenty
_____
Defendant

Civil Action Number _____

0002364-07

**NOTICE**

To:   Name _Tabatha Braxton_____

      Address _Office of the Secretary, suite 419_

      _Washington, DC 20001_____

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date) _____.

_____          _____
Signature                          Date of Signature

**Acknowledgment of Receipt of Summons, Complaint and Initial Order**

I received a copy of the summons, complaint and initial order in the above captioned matter at

(address) _____

_____    _____    _____
Signature                    Relationship to Defendant/Authority    Date of Signature
                             To Receive Service of Process

Form CV(6)-1590/Mar 97

**SCR CIV FORM 1-A**
**Notice and Acknowledgment for Service by Mail**
**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

Melvyn A. Johnson
_Plaintiff_

0002364-07

V.

Civil Action Number _____

DC Office of the Attorney General
_Defendant_

**NOTICE**

To:  Name  Gale Rivers
     Address  441 4th St., NW Rm 600-South
              Washington, DC 20001

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date) _____ .

_____           _____
_Signature_                          _Date of Signature_

**Acknowledgment of Receipt of Summons, Complaint and Initial Order**

I received a copy of the summons, complaint and initial order in the above captioned matter at

(address) _____

_____   _____   _____
_Signature_                  _Relationship to Defendant/Authority_   _Date of Signature_
                             _To Receive Service of Process_

Form CV(6)-1590/Mar 97