UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MELVYN A. JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>MAYOR ADRIAN FENTY, *et al.*,<br><br>  Defendants. | )<br>)<br>)  Civil Action No. 07-0935 (RMC)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPPOSITION OF THE DISTRICT DEFENDANTS TO PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL**

Defendants Mayor Adrian Fenty and the D.C. Department of Corrections (hereinafter the "District Defendants"), by and through undersigned counsel, hereby oppose the plaintiff's motion for appointment of counsel.

Plaintiff argues in his motion that "because of the plaintiff's lack of knowledge of the proceedings and the rules of the court in all matters relating thereto, the appointment of counsel is urgently requested." Mot. at 1. He further states that he "has enlisted the aid of one of the inmates at his current place of confinement to assist him with the presentation of this pleading and cannot expect that this prisoner will continue to assist him further." *Id.* Plaintiff offers no law in support of his request for relief.

"No civil litigant is guaranteed counsel." *Kidd v. Howard Univ. Sch. of Law,* 2007 U.S. Dist. LEXIS 45444 *7 (D.D.C. June 25, 2007). Moreover, a litigant's inability to pay for counsel by itself does not warrant court-appointed counsel. *Taylor v. Team Broadcast, LLC,* 2007 U.S. Dist. LEXIS 29581 *14 (D.D.C. April 23, 2007). Rather, "[t]he court is authorized to appoint counsel under 28 U.S.C. § 1915(d) for plaintiffs

proceeding *in forma pauperis*, but is not obliged to do so unless the plaintiff demonstrates such exceptional circumstances that denial of counsel would result in fundamental unfairness." *Doyle v. District of Columbia,* 1997 U.S. Dist. LEXIS 15019 *3 (D.D.C. Sept. 12, 1997), citing *Cookish v. Cunningham,* 787 F.2d 1, 2 (1st Cir. 1986); *Martorano v. FBI,* 1991 U.S. Dist. LEXIS 13680 (D.D.C. Sept. 30, 1991).

When considering whether appointment of counsel is appropriate, courts generally consider the factors set forth in LCvR 83.11(b)(3). *Gaviria v. Reynolds,* 476 F.3d 940, 943 (D.C. Cir. 2007). These factors are as follows:

> (i) the nature and complexity of the action;
> (ii) the potential merit of the *pro se* party's claims;
> (iii) the demonstrated inability of the *pro se* party to retain counsel by other means; and
> (iv) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel.

LCvR 83.11(b)(3). Further, "[a]ppointment of counsel calls for exceptional circumstances and is 'wholly unwarranted when [the movant] has not demonstrated any likelihood of success on the merits.'" *Kidd*, 2007 U.S. Dist. LEXIS 45444 at *8, quoting *Nichols v. Mosbacher,* 959 F.2d 1101 [published in full text format at 1992 U.S. App. LEXIS 24045] (D.C. Cir. 1992) (citing D.C. Circuit Handbook of Practice and Internal Procedures 25-26 (2002)).

In this case, Plaintiff has made no showing of exceptional circumstances. Indeed, Plaintiff's only justification for his request is his ignorance of the law, which the District Defendants submit does not qualify as an exceptional circumstance. Plaintiff's allegations in this matter are simple – that the heroin he admittedly possessed was not as potent as lab analysis from the Drug Enforcement Administration demonstrated it to be. Thus, the complexity of this case does not warrant court-appointed counsel. Nor has

Plaintiff shown any attempt to retain counsel by other means other than enlisting the services of a fellow inmate. Finally, and most importantly, as amply demonstrated by the two dispositive motions that have been filed, Plaintiff's claim is without merit and the interests of justice would not be served by appointing counsel for Plaintiff.

Thus, the District Defendants request that Plaintiff's Motion for Appointment of Counsel be denied.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


 /s/  Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II


   /s/  Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax: (202) 727-3625
shana.frost@dc.gov