UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **MELVYN A. JOHNSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-935 (RMC) |
| | ) | |
| **MAYOR ADRIAN FENTY,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

This matter comes before the Court on Plaintiff Melvyn Johnson's Motion for Appointment of Counsel ("Pl.'s Mot. for Counsel."). Mr. Johnson argues that "because of [his] lack of knowledge of the proceedings and the rules of the court in all matters relating thereto, the appointment of counsel is urgently requested." Pl.'s Mot. for Counsel. at 1. Mr. Johnson further states that he "has enlisted the aid of one of the inmates at his current place of confinement to assist him with the presentation of this pleading and cannot expect that this prisoner will continue to assist him further." *Id.* Upon consideration of Mr. Johnson's Motion Defendants' opposition, the Court will deny the Motion.

"No civil litigant is guaranteed counsel." *Kidd v. Howard Univ. Sch. of Law*, 2007 U.S. Dist. LEXIS 45444 *7 (D.D.C. June 25, 2007); *see also Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986). The Court, in its discretion, may appoint counsel upon a demonstration that such exceptional circumstances exist that the denial of counsel would result in fundamental unfairness. *See Doyle v. Dist. of Columbia*, 1997 U.S. Dist. LEXIS 15019 *3 (D.D.C. Sept. 12, 1997); *see also Cookish*, 787 F.2d at 2. When considering whether appointment of counsel is appropriate, courts

generally consider the factors set forth in Local Civil Rule 83.11(b)(3) which include: (i.) the nature and complexity of the action; (ii.) the potential merit of the *pro se* party's claims; (iii.) the demonstrated ability of the *pro se* party to retain counsel by other means; and (iv.) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of appointed counsel. *See Gaviria v. Reynolds*, 476 F.3d 940, 943 (D.C. Cir. 2007).

The Court has carefully considered the potential merits of this claim, the complexity of the legal and factual issues involved, Mr. Johnson's *pro se* representation since the outset of this case, and the degree to which the interests of justice will be served by appointing counsel, including the benefit the Court may derive from the assistance of appointed counsel, and finds that these factors militate against appointing counsel at this time. Mr. Johnson has not shown any attempt to retain counsel by any other means than by enlisting the services of a fellow inmate. Mr. Johnson's previous filings in this case evidence his ability to represent himself in this civil action, and the Court perceives little benefit in appointing counsel for future pleadings. Further, as Defendants point out in their opposition, Mr. Johnson's allegations in this matter are simple—that the heroin he admittedly possessed was not as potent as lab analysis from the Drug Enforcement Administration demonstrated it to be. Thus, the complexity of this case does not warrant court-appointed counsel.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Appointment of Counsel [Dkt. #14] is **DENIED**.

**SO ORDERED.**

DATE: September 19, 2007                                   _____/s/_____
                                                                                 ROSEMARY M. COLLYER
                                                                                 United States District Judge